# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 15-1387V
Filed: April 24, 2017

| | |
|---|---|
| * * * * * * * * * * * * * <br> LORALYN WEBB, as the Personal <br> Representative of the Estate of <br> CHANDLER BLAKE WEBB, <br>                 Petitioner, <br> <br> v. <br> <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br> <br>                 Respondent. <br> * * * * * * * * * * * * * | Special Master Sanders <br><br> Attorneys' Fees and Costs; Reasonable Amount Requested. |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On November 16, 2015, Loralyn Webb ("Petitioner"), on behalf of Chandler Blake Webb (Mr. Webb), deceased, petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of an influenza ("flu") vaccine administered on October 15, 2013, caused Mr. Webb to suffer encephalitis. Petition, filed Nov. 16, 2015. Petitioner further alleged that Mr. Webb's death was a sequela of his encephalitis. *Id.* On January 31, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation. Decision, ECF

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

No. 47.

On April 4, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $60,425.75. *See* Pet'r's Mot. Att'ys' Fees and Costs, ECF No. 52. Petitioner requested attorneys' costs in the amount of $1,721.36, and also requested costs personally incurred in the course of this litigation in the amount of $360.00. *Id.* Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (Apr. 21, 2017), ECF No. 54. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed a reply shortly thereafter agreeing with Respondent's recommendation that the undersigned exercise her discretion. Pet'r's Reply (Apr. 21, 2017), ECF No. 55.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $62,147.11,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Robert J. Krakow., of Law Office of Robert J. Krakow, P.C.; and the amount of $360.00, in the form of a check made payable to Petitioner only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).